IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CASE NO. 3:12-CR-17-WKW |
| | ) | [WO] |
| SHEDRICK D. HOLLIS | ) | |

**ORDER**

On April 11, 2012, the Magistrate Judge filed a Report and Recommendation (Doc. # 26) regarding Defendant Hollis's Motion to Suppress (Doc. # 19). Defendant filed a timely objection (Doc. # 30). The court reviews *de novo* the portion of the Recommendation to which the objection applies. 28 U.S.C. § 636(b)(1). For the reasons that follow, the objection is due to be overruled and the Recommendation adopted.

Mr. Hollis objects to the Magistrate Judge's finding that Mr. Hollis was not an overnight guest and thus could not establish that he had a legitimate expectation of privacy in the premises at which he was arrested. (Obj. ¶¶ 4–5.) The court agrees with the Magistrate Judge's finding. The evidence presented at the March 6, 2012 suppression hearing does indicate that Mr. Hollis "was only a guest of an uninvited guest[, Terry]." (Report & Recommendation 7.) Contrary to Mr. Hollis's assertion that the "evidence submitted at the [suppression] hearing was unrefuted that Terry . . . had been given access to the apartment," (Obj. ¶ 1), evidence was presented

that Ms. Howard, the lessor of the apartment, had not given Terry permission to access the apartment. In an interview with Agent Halasz, Ms. Howard informed Agent Halasz that she had never given Terry keys to the apartment. (Report of Investigation (Attach C. to Doc. # 21).) Agent Halasz also testified to this at the suppression hearing. Ms. Howard also testified before the Grand Jury that she had not given anyone permission to be in the apartment.

Mr. Hollis has not carried his burden to show that he had a legitimate expectation of privacy as an overnight guest. He admitted at the suppression hearing that Ms. Howard did not give him permission to be in the apartment. Furthermore, Mr. Hollis has not presented evidence sufficient to establish that Ms. Howard gave Terry permission to be in the apartment. Thus, Mr. Hollis has no standing to challenge the search of the apartment. *See United States v. Childers*, No. CR 106-074, 2006 WL 3289935, at *3 (S.D. Ga. Nov. 8, 2006) (holding that the defendant could not "bootstrap himself into Fourth Amendment protections by way of derivative rights from a person . . . who himself was not legitimately in the [r]esidence").

For the foregoing reasons, it is ORDERED as follows:

1. Defendant's Objection (Doc. # 30) is OVERRULED;

2. the Recommendation of the Magistrate Judge (Doc. # 26) is ADOPTED; and

3. Defendant's Motion to Suppress (Doc. # 19) is DENIED.

DONE this 7th day of May, 2012.

                                            /s/ W. Keith Watkins
                              CHIEF UNITED STATES DISTRICT JUDGE