IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 3:12-CR-17-WKW |
| | ) | [WO] |
| SHEDRICK D. HOLLIS | ) | |

# MEMORANDUM OPINION AND ORDER

After a three-day trial, a jury convicted Defendant of two counts of possession with intent to distribute controlled substances and one count each of possession of a firearm in furtherance of a drug-trafficking crime and possession of a firearm by a convicted felon. Defendant timely moved for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure.[1] (Doc. # 116.) The Government opposed the motion. (Doc. # 119.) Upon careful consideration of the briefing and the evidence presented at trial (over which the undersigned presided), the motion is due to be denied.

"Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). The decision

---

[1] "Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(2). Defendant's motion is based on grounds other than newly discovered evidence and was filed within twelve days of the jury's verdict.

to grant a new trial is committed to the sound discretion of the trial judge. *United States v. Champion*, 813 F.2d 1154, 1170 (11th Cir. 1987).

Defendant argues he is entitled to a new trial on several grounds. He argues that the jury's verdict was against the great weight of the evidence and that the evidence was insufficient to support a guilty verdict. He argues the court erred when it denied his motions for acquittal, for a new trial, and to exclude certain Government evidence, and his pretrial motion to suppress. He also argues that the court admitted results of the chemical evaluation of the controlled substances found with Defendant without a proper evidentiary foundation. Each ground fails.

Considered without any presumption, *United States v. Martinez*, 763 F.2d 1297, 1312 (11th Cir. 1985), the weight of the evidence was on the side of the prosecution. The government offered proof that Defendant was found in a so-called "trap house," containing large amounts of controlled substances, two loaded firearms, a scale with a latent print matched to Defendant, packaging equipment, and a large quantity of currency. Both the jury and the court heard credible evidence that Defendant knew the drugs were there, owned the drugs or exercised dominion or control over the drugs or the premises, and intended to distribute the drugs. As for the firearms charges, the same evidence supported the jury's finding that Defendant constructively possessed the firearms.

As for Defendant's other arguments, the court has already carefully considered and rejected those arguments. (*See, e.g.,* Doc. # 35 (denying motion to suppress).) The court entertained and considered Defendant's objections when raised and ruled on the challenged motions before and during the trial. Defendant's current motion does not persuade the court that its earlier rulings were in error.

Accordingly, it is ORDERED that Defendant's motion (Doc. # 116) is DENIED.

DONE this 17th day of June, 2013.

/s/ W. Keith Watkins  
CHIEF UNITED STATES DISTRICT JUDGE